IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RENAE EKSTRAND,

                                                   OPINION and ORDER

             Plaintiff,

                                                   08-cv-193-bbc

    v.

SCHOOL DISTRICT OF SOMERSET,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a civil case in which plaintiff Renae Ekstrand alleges that defendant School District of Somerset violated her rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(a) by failing to provide her with a reasonable accommodation and constructively discharging her from her position as a first grade teacher when she became disabled from severe depression. On March 3, 2009, this court granted summary judgment for defendant and against plaintiff. I concluded that although plaintiff had adduced enough evidence to allow a jury to find that she became a "qualified individual with a disability" before she left the school district, her evidentiary showing fell short when it came to her allegations that defendant failed to provide her with reasonable accommodations and treated her so abusively that it could be considered constructive discharge. Plaintiff appealed to the Court of Appeals for the Seventh Circuit.

On October 6, 2009, the court of appeals affirmed the grant of summary judgment on plaintiff's constructive-discharge claim, but reversed the grant of summary judgment on plaintiff's clam that defendant failed to accommodate her disability. Ekstrand v. City of Somerset, 583 F.3d 972, 978 (7th Cir. 2009). The court of appeals found that plaintiff had produced enough evidence to go to the jury on all three elements of her failure-to-accommodate claim, id. at 975, and it remanded the case.

Defendant has filed a second motion for summary judgment, dkt. #65, contending that according to the court of appeals' decision and the evidence in the record, by the time defendant was required to engage in an "interactive process" and discuss accommodation with plaintiff, plaintiff was no longer a "qualified individual with a disability." Def.'s Br., dkt. #67, at 2. In particular, defendant contends that plaintiff was not a qualified person with a disability after October 17, 2005, because by then she was unable to perform the essential functions of teaching an elementary school class. In addition, defendant argues that even though plaintiff was not a qualified person with a disability, defendant provided all accommodations that were necessary under the law.

After reviewing defendant's motion, I conclude that its arguments supporting summary judgment have been already considered and rejected by the court of appeals. Therefore, I will deny defendant's motion.

2

DISCUSSION

Defendants' first argument is that plaintiff was not a "qualified individual with a disability" within the meaning of the ADA because she was not qualified to perform the essential functions of her teaching job. However, the court of appeals stated explicitly that plaintiff "presented evidence that she was 'disabled' and 'qualified' under the ADA from late September to at least somewhere between November 30, 2005, and January 3, 2006." Ekstrand, 583 F.3d at 975. The court pointed specifically to notes written by plaintiff's doctor on November 17 and November 30, 2005, indicating that plaintiff's condition had improved during that time. Id. It went on to say that "[n]ot until January 3, 2006, does the record indicate [plaintiff's] absolute inability to return to work." Id.

In addition, the court of appeals noted that plaintiff "may have remained a qualified individual later still because [she] presented evidence that the school district was responsible for aggravating her disability." Id. Finally, although in his concurring opinion, Judge Evans questioned whether plaintiff's disability made her unqualified to teach impressionable first graders, the majority concluded that plaintiff had "demonstrated a genuine issue of material fact regarding whether she remained qualified through the end of November," and that further disputes about plaintiff's qualification to teach were questions for the jury. Id. Thus, the court of appeals explicitly rejected defendant's argument that there is no evidence to support a finding that plaintiff was "qualified."

3

The court of appeals also concluded that plaintiff presented sufficient evidence to raise a genuine dispute on the issue of defendant's failure to reasonably accommodate her. Defendant is correct that the court found that plaintiff "presents no evidence that the school district acted unreasonably in accommodating her disability before November 28, 2005." Id. at 977. However, the court found that after plaintiff's psychologist notified defendant's workers' compensation representative of the importance of natural light for plaintiff, defendant was on notice that natural light was a necessary accommodation. Id. Further,

> Once aware of natural light's medical necessity to [plaintiff], and having been informed by [plaintiff] only two weeks earlier that she was willing and able to return to work in a classroom with natural light, the school district was obligated to provide [plaintiff's] specifically requested, medically necessary accommodation unless it 'would impose an undue hardship' on the school district.

Id. *(internal citation omitted)*.

Finally, defendant argues that the November 28 letter did not provide notice of the medical necessity of natural light because the letter was directed to defendant's business office, and not the district superintendent or principal involved in discussions with plaintiff regarding accommodations. However, the court of appeals' was aware that the letter was directed to defendant's workers compensation claims representative, id. at 976, and still concluded that the letter was evidence that the district knew plaintiff required natural light.

In sum, the court of appeals considered the same facts and arguments that defendant

4

asserts in support of its second motion for summary judgment. However, when the court of appeals considered these facts and arguments, it concluded that the evidence presented a genuine issue of material fact as to whether plaintiff was a qualified individual with a disability, whether defendant was aware of her disability and whether defendant failed to reasonably accommodate that disability. Id. at 975. I will not disregard the conclusions of the court of appeals on these issues. United States v. Husband, 312 F.3d 247, 251 (7th Cir. 2002) (on remand, district court may not reconsider issues decided by court of appeals). Because there are genuine issues of fact, granting summary judgment to defendant would be improper. Fed. R. Civ. P. 56(c) (summary judgment proper only if "there is no genuine issue as to any material fact" and "movant is entitled to judgment as a matter of law.") Therefore, defendant's motion will be denied.

ORDER

IT IS ORDERED that defendant School District of Somerset's motion for summary judgment, dkt. #65, is DENIED.

Entered this 6th day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5