# I. <u>INTRODUCTORY INSTRUCTION</u>

Members of the jury, we are about to begin the trial of the case. Before it begins, I will give you some instructions to help you understand how the trial will proceed, how you should evaluate the evidence, and how you should conduct yourselves during the trial.

The party who begins the lawsuit is called the plaintiff. In this action, the plaintiff is Renae Ekstrand. The party against whom the suit is brought is called the defendant. In this action, the defendant is the School District of Somerset. Plaintiff was employed as an elementary school teacher at Somerset Elementary School.

Plaintiff has brought this lawsuit under a federal law called the Americans with Disabilities Act, which is often referred to by its initials, "ADA." Under the ADA, it is illegal for an employer to discriminate against a person with a disability if that person is qualified to do the essential functions of his job and the employer is aware of his limitations.

In this case, plaintiff contends that she is an individual with a disability. Specifically, plaintiff asserts that she has seasonal affective disorder, a form of depression, that limits her daily life activities. She also asserts that she was qualified for the position of elementary school teacher, meaning that she could perform the essential functions of teaching with or without reasonable accommodation. Plaintiff contends that defendant discriminated against her by failing to provide her with reasonable accommodation.

Defendant denies that it discriminated against plaintiff and asserts that it provided plaintiff with reasonable accommodations during all times for which plaintiff was qualified to teach as an elementary school teacher.

The case will proceed as follows:

<u>First</u>, plaintiff's counsel will make an opening statement outlining plaintiff's case. Immediately after plaintiff's statement, defendant's counsel will also make an opening statement outlining defendant's case. What is said in opening statements is not evidence;

it is simply a guide to help you understand what each party expects the evidence to show.

<u>Second</u>, after the opening statements, plaintiff will introduce evidence in support of her claim. At the conclusion of the plaintiff's case, the defendant may introduce evidence. The defendant is not required to introduce any evidence or to call any witnesses. If the defendant introduces evidence, the plaintiff may then introduce rebuttal evidence.

<u>Third</u>, after the evidence is presented, the parties will make closing arguments explaining what they believe the evidence has shown and what inferences you should draw from the evidence. What is said in closing argument is not evidence. The plaintiff has the right to give the first closing argument and to make a short rebuttal argument after the defendant's closing argument.

<u>Fourth</u>, I will instruct you on the law that you are to apply in reaching your verdict.

<u>Fifth</u>, you will retire to the jury room and begin your deliberations.

You will hear the term "burden of proof" used during this trial. In simple terms, the phrase "burden of proof" means that the party who makes a claim has the obligation of proving that claim. At the end of the trial, I will instruct you on the proper burden of proof to be applied in this case.

The trial day will run from 9:00 a.m. until 5:30 p.m. You will have at least an hour for lunch and two additional short breaks, one in the morning and one in the afternoon.

During recesses you should keep in mind the following instructions:

<u>First</u>, do not discuss the case either among yourselves or with anyone else during the course of the trial. The parties to this lawsuit have a right to expect from you that you will keep an open mind throughout the trial. You should not reach a conclusion until you have heard all of the evidence and you have heard the lawyers' closing arguments and my instructions to you on the law, and have retired to deliberate with the other members of the jury. I must warn you, in particular, against commenting about the trial in an e-mail or a

blog or Twitter. There have been news accounts recently about cases that have had to be re-tried because a member of the jury communicated electronically about the case during the trial. You can imagine what this would mean in the cost of a re-trial, the inconvenience to your fellow jurors whose work would have gone for nothing and the stress experienced by the parties.

Second, do not permit any third person to discuss the case in your presence. If anyone tries to talk to you despite your telling him not to, report that fact to the court as soon as you are able. Do not discuss the event with your fellow jurors or discuss with them any other fact that you believe you should bring to the attention of the court.

Third, although it is a normal human tendency to converse with people with whom one is thrown in contact, please do not talk to any of the parties or their attorneys or witnesses. By this I mean not only do not talk about the case, but do not talk at all, even to pass the time of day. In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

Fourth, do not read about the case in the newspapers, or listen to radio or television broadcasts about the trial. If a newspaper headline catches your eye, do not examine the article further. Media accounts may be inaccurate and may contain matters that are not proper for your consideration. You must base your verdict solely on the evidence produced in court.

Fifth, no matter how interested you may become in the facts of the case, you must not do any independent research, investigation or experimentation. Do not look up materials on the internet or in other sources. [do not visit the site of the incident] [or perform any kind of experiment.] Again, you must base your verdict solely on the evidence produced in court.

**Credibility of Witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**Depositions**

During the course of a trial the lawyers will often refer to and read from depositions. Depositions are transcripts of testimony taken while the parties are preparing for trial. Deposition testimony is given under oath just like testimony on the trial. You should give it the same consideration you would give it had the witnesses testified here in court.

**Objections**

During the trial, you will hear the lawyers make objections to certain questions or to certain answers of the witnesses. When they do so, it is because they believe the question or answer is legally improper and they want me to rule on it. Do not try to guess why the objection is being made or what the answer would have been if the witness had been allowed to answer it.

If I tell you not to consider a particular statement that has already been made, put

4

that statement out of your mind and remember that you may not refer to it during your deliberations.

**Questions**

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

If <u>you</u> wish to ask a question about something you do not understand, write it down on a separate slip of paper. If, when the lawyers have finished all of their questioning of the witness, the question is still unanswered to your satisfaction, raise your hand, and I will take the written question from you, show it to counsel, and decide whether it is a question that can be asked. If it cannot, I will tell you that. I will try to remember to ask about questions after each witness has testified.

**Notetaking**

If you want to take notes, there are notepads and pencils for taking notes next to the jury bench. This does not mean you <u>have</u> to take notes; take them only if you want to and if you think they will help you to recall the evidence during your deliberations. Do not let notetaking interfere with your important duties of listening carefully to all of the evidence and of evaluating the credibility of the witnesses. Keep in mind that just because you have written something down it does not mean that the written note is more accurate than another juror's mental recollection of the same thing. No one of you is the "secretary" for the jury, charged with the responsibility of recording evidence. Each of you is responsible for recalling the testimony and other evidence.

Although you can see that the trial is being reported, you should not expect to be able

5

to use trial transcripts in your deliberations.  You will have to rely on your own memories.

**Evidence**

Evidence at a trial includes the sworn testimony of the witnesses, exhibits admitted into the record, facts judicially noticed, and facts stipulated by counsel.  You may consider only evidence that is admitted into the record.

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Evidence may be either direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You are to decide how much weight to give any evidence.

**Absence of Evidence**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Contradictory or Impeaching Evidence**

A witness may be discredited by contradictory evidence or by evidence that at some

6

other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been discredited, it is up to you to decide how much of the testimony of that witness you believe.

If a witness is shown to have given false testimony knowingly, that is, voluntarily and intentionally, about any important matter, you have a right to distrust the witness's testimony about other matters. You may reject all the testimony of that witness or you may choose to believe some or all of it.

The general rule is that if you find that a witness said something before the trial that is different from what the witness said at trial you are to consider the earlier statements only as an aid in evaluating the truthfulness of the witness's testimony at trial.  You cannot consider as evidence in this trial what was said earlier before the trial began.

There is an exception to this general rule for witnesses who are the actual parties in the case.  If you find that any of the parties made statements before the trial began that are different from the statements they made at trial, you may consider as evidence in the case whichever statement you find more believable.

### Drawing of Inferences

You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw, from facts you find have been proved, such reasonable conclusions as seem justified in the light of your own experience and common sense.

### Experts

A person's training and experience may make him or her a true expert in a technical

field. The law allows that person to state an opinion here about matters in that particular field. It is up to you to decide whether you believe the expert's testimony and choose to rely upon it. Part of that decision will depend on your judgment about whether the expert's background of training and experience is sufficient for him or her to give the expert opinion that you heard, and whether the expert's opinions are based on sound reasons, judgment, and information.

During the trial, an expert witness may be asked a question based on assumptions that certain facts are true and then asked for his or her opinion based upon that assumption. Such an opinion is of use to you only if the opinion is based on assumed facts that are proven later. If you find that the assumptions stated in the question have not been proven, then you should not give any weight to the answer the expert gave to the question.