## II. POST-TRIAL INSTRUCTIONS

### Introduction

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and the arguments, I will give you the instructions that will govern your deliberations in the jury room. It is my job to decide what rules of law apply to the case and to explain those rules to you. It is your job to follow the rules, even if you disagree with them or don't understand the reasons for them. You must follow all of the rules; you may not follow some and ignore others.

The decision you reach in the jury room must be unanimous. In other words, you must all agree on the answer to each question.

Your deliberations will be secret. You will never have to explain your verdict to anyone.

If you have formed any idea that I have an opinion about how the case should be decided, disregard that idea. It is your job, not mine, to decide the facts of this case.

The case will be submitted to you in the form of a special verdict consisting of 7 questions. In answering the questions, you should consider only the evidence that has been received at this trial. Do not concern yourselves with whether your answers will be favorable to one side or another, or with what the final result of this lawsuit may be.

Note that certain questions in the verdict are to be answered only if you answer a preceding question in a certain manner. Read the introductory portion of each question very carefully before you undertake to answer it. Do not answer questions needlessly.

### Burden of Proof

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter

1

sought to be proved is more probably true than not true. On the liability questions in the special verdict, the burden of proof is on the party contending that the answer to a question should be "yes." You should base your decision on all of the evidence, regardless of which party presented it.

## Stipulation of Fact

The parties have stipulated, or agreed, to the following:

Dr. Erickson's letter of November 28, 2005, addressed to Kelly Graves, was not forwarded to the School District of Somerset by Acuity Insurance.

You must treat this fact as having been proved for the purposes of this case.

## Nature of Claim and Defense

Plaintiff has brought this lawsuit under a federal law called the Americans with Disabilities Act. Plaintiff contends that defendant discriminated against her by not accommodating her disability. Defendant denies that it discriminated against plaintiff and says that it was unaware during any time that plaintiff was a qualified individual with a disability and that she wanted an accommodation that was medically necessary.

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law. Please remember to consider the specific definitions I give you, rather than using your own opinion or understanding as to what these terms mean.

## Elements of Plaintiff's Claim

In this case, plaintiff contends that defendant unlawfully refused to give her a

reasonable accommodation. To succeed on her claim, plaintiff must prove five things by a preponderance of the evidence:

1. Plaintiff had a disability.

2. Plaintiff was qualified to perform the job of teaching elementary classes;

3. Plaintiff requested an accommodation in the form of a classroom with exterior windows;

4. At the time of plaintiff's request or afterward, defendant was aware that plaintiff suffered from depression with seasonal patterns and that natural light was a medical necessity for her; and

5. Defendant failed to provide plaintiff a reasonable accommodation.

**Question No. 1: Definition of Disability**

Question No. 1 reads: Did plaintiff Renae Ekstrand have a disability?

The term "disability" means a physical or mental impairment or both that substantially limits one or more major life activities, such as thinking, learning, concentrating, sleeping or working. I remind you to consider the specific definitions of these terms that I give you, and not to use your own opinion about what these terms mean.

The term "physical impairment" means any condition that prevents the body from functioning normally. The term "mental impairment" means any condition that prevents the mind from functioning normally. It includes any mental or psychological disorder, emotional or mental illness.

An impairment substantially limits a person's ability to think, learn, concentrate or sleep if it prevents or severely restricts the person from thinking, learning, concentrating or

3

sleeping compared to the average person in the general population.

In this case, plaintiff alleges that her depression disabled her from the major life activity of working. An impairment substantially limits a person's ability to work if it significantly restricts the person from performing a class of jobs or a broad range of jobs in various classes, compared to someone with similar knowledge, skills, and training. By itself, being unable to do a particular job is not a substantial limitation on the ability to work.

To decide whether plaintiff's impairment substantially limited her ability to think, learn, concentrate, sleep or work, you should consider the nature and severity of the impairment, how long it is expected to last, and its expected long-term impact.

Only impairments with a permanent or long-term effect are disabilities. Temporary injuries and short-term impairments are not disabilities. Even so, some disabilities are permanent, but appear only from time to time. For example, if a person has a mental or physical disease that usually is not a problem, but flares up only from time to time, that can be a disability if it substantially limits a major life activity.

## Question No. 2: Date of Disability

If you answered "yes" to Question No. 1, then answer Question No. 2, which asks you to determine when plaintiff became disabled.

## Question No. 3: Definition of Qualified Individual

No matter how you answered Question No. 2, answer Question No. 3: As of September 2005, was plaintiff qualified to perform her job as a teacher?

To answer this question, you must decide whether plaintiff was qualified to perform her job as a teacher. Plaintiff was qualified if she had the skill, experience, education, and

4

other requirements for the job and could do the job's essential functions, either with or without accommodation.

Not all job functions are essential. Essential functions are a job's fundamental duties. In deciding whether a function is essential, you may consider the reasons the job exists.

An employee is not qualified if she cannot perform the essential functions of the job, even if her employer provides her a reasonable accommodation.

### Question No. 4: Plaintiff's Status as Qualified Individual

If you answered "yes" to Question No. 3, you must answer Question No. 4: Did there come a time when plaintiff was no longer qualified to perform her job as a teacher with or without accommodation?

### Question No. 5: Plaintiff's Ability to Perform Essential Functions of her Job

If you answered "yes" to Question No. 4, you must decide in Question No. 5 when plaintiff became unable to perform the essential functions of her job. In answering this question, you may consider whether any acts by plaintiff's employer aggravated her disability, causing her to be unable to perform her job. If you find that defendant caused plaintiff to be incapable of performing her job, you may find that she was qualified beyond the date she could perform the essential functions of her job.

### Question No. 6: Request for accommodation

No matter how you answered Question No. 5, answer Question No. 6, which reads as follows: Did plaintiff request an accommodation while she was disabled and while she was qualified to perform her job?

5

## Question No. 7: Provision of Accommodation

If you answered "yes" to Question No. 6, answer Question No. 7. In answering this question, you must decide whether defendant failed to provide plaintiff a reasonable accommodation after defendant knew that the accommodation was medically necessary.

Before you may find that defendant failed to provide a reasonable accommodation to plaintiff, you must find that when plaintiff asked for a classroom with exterior windows, defendant would have known that her request was a medically necessary form of accommodation of her disability. If it would not be obvious to an employer that a particular accommodation is medically necessary, the employee must corroborate her request with a doctor's note or, at least, tell her employer that a doctor has recommended it. If defendant did not know of the medical necessity for the accommodation at the time plaintiff asked for it but learned of it while plaintiff was still employed, defendant had a duty to enter into discussions with plaintiff.

Once an employer is aware of an employee's disability and an accommodation has been requested, the employer must discuss with the employee whether there is a reasonable accommodation that will permit her to perform the job. Both the employer and the employee must cooperate in this interactive process in good faith.

To accommodate a disability is to make some change in the work environment that will let a person with a disability perform the job. An accommodation is reasonable if it is effective and its costs are not clearly disproportionate to the benefits that it will produce.

## Answers Not Based on Guesswork

If, after you have discussed the testimony and all other evidence that bears upon a particular question, you find that the evidence is so uncertain or inadequate that you have to guess what the answer should be, then the party having the burden of proof as to that

6

question has not met the required burden of proof. Your answers are not to be based on guesswork or speculation. They are to be based upon credible evidence from which you can find the existence of the facts that the party must prove in order to satisfy the burden of proof on the question under consideration.

## Selection of Presiding Juror; Communication with the Judge; Verdict

When you go to the jury room to begin considering the evidence in this case you should first select one of the members of the jury to act as your presiding juror. This person will help to guide your discussions in the jury room.

You are free to deliberate in any way you decide or select whomever you like as a presiding juror. When thinking about who should be presiding juror, you may want to consider the role that the presiding juror usually plays. He or she serves as the chairperson during the deliberations and has the responsibility of insuring that all jurors who desire to speak have a chance to do so before any vote. The presiding juror should guide the discussion and encourage all jurors to participate. I encourage you at all times to keep an open mind if you ever disagree or come to conclusions that are different from those of your fellow jurors. Listening carefully and thinking about the other juror's point of view may help you understand that juror's position better or give you a better way to explain why you think your position is correct.

Once you are in the jury room, if you need to communicate with me, the presiding juror will send a written message to me. However, don't tell me how you stand as to your verdict.

As I have mentioned before, the decision you reach must be unanimous; you must all agree.

7

When you have reached a decision, the presiding juror will sign the verdict form, put a date on it, and all of you will return with the verdict into the courtroom.

**Suggestions for Conducting Deliberations**

In order to help you determine the facts, you may want to consider discussing one claim at a time, and use my instructions to the jury as a guide to determine whether there is sufficient evidence to prove all the necessary legal elements for each claim or defense. I also suggest that any public votes on a verdict be delayed until everyone can have a chance to say what they think without worrying what others on the panel might think of their opinion.