# DAMAGES

## General

On the damages questions, plaintiff Renae Ekstrand has the burden of convincing you, by the preponderance of the evidence, both that she has been injured or damaged and the amount of the damages.

Plaintiff need not produce evidence that is as exact as the evidence that was needed to support findings on the liability questions. Determining damages involves the consideration of many different factors that cannot be measured precisely. In determining the damages you must base your answer on evidence that reasonably supports your determination of damages under all of the circumstances of the case. You should award as damages the amount of money that you find fairly and reasonably compensates plaintiff for her injuries.

Do not measure damages by what the lawyers ask for in their arguments. Their opinions as to what damages should be awarded should not influence you unless their opinions are supported by the evidence. It is your job to determine the amount of the damages sustained from the evidence you have seen and heard. Examine that evidence carefully and impartially. Do not add to the damage award or subtract anything from it because of sympathy to one side or because of hostility to one side. Do not make any deductions because of a doubt in your minds about the liability of any of the parties.

## Income Taxes

You must not add to any award of damages any money to compensate the plaintiff for state or federal income taxes. Damages received as an award for personal injuries are exempt from income taxes. On the other hand, you must not subtract any money from your award of damages just because the plaintiff is not required to pay income taxes.

1

### Duty to Mitigate Damages

In answering each of the questions on the damages verdict form, you must consider whether plaintiff took appropriate steps to mitigate her damages. A person who has been damaged may not recover for losses that he or she could have reduced by reasonable efforts. "Reasonable efforts" do not include efforts that might cause serious harm or subject the person making the effort to an unreasonable risk, unreasonable inconvenience, unreasonable expense or loss of honor and respect.

If you find that a reasonable person in plaintiff's position would have accepted defendant's offer to return to teaching in a room with windows, then you should answer "yes" to the question whether plaintiff failed to mitigate her damages.

In considering whether plaintiff acted reasonably in refusing the offer, you must consider the circumstances under which the offer was made or rejected, including the terms of the offer and plaintiff's reasons for refusing the offer.

It is defendant's burden to satisfy you by the greater weight of the credible evidence that plaintiff should have taken steps to reduce the loss and failed to do so.

### Question No. 3: Compensatory Damages

To answer Question No. 3, you must decide whether plaintiff suffered emotional pain or mental anguish as a result of defendant's failure to provide her a room with an exterior window. You may award compensatory damages only for injuries that plaintiff has proved by a preponderance of the evidence were caused by defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

2

In calculating compensatory damages, you should not consider any issue of lost wages and benefits because the court will be deciding that question. In addition, you should not consider the issue of reduced future earning capacity, which you will consider when you answer Questions 5 and 6. You should consider only the physical, mental and emotional pain and suffering that plaintiff has endured from the time defendant failed to provide her a reasonable accommodation. No evidence of the dollar value of physical, mental or emotional pain and suffering or loss of a normal life needs to be introduced. There is no exact standard for deciding how much to award plaintiff for these damages. Your award should be fair and just in the light of the evidence.

**Question No. 4:** If your answer to Question No. 3 is "yes," you must decide what amount of money will fairly and reasonably compensate plaintiff for her emotional pain or mental anguish.

**Question No. 5: Future Earnings**

To answer Question No. 5, you must decide whether plaintiff has suffered a loss of future earning capacity as a result of defendant's failure to provide her a reasonable accommodation. To recover for lost earning capacity, plaintiff must produce competent evidence suggesting that her injuries have narrowed the range of economic opportunities available to her. Plaintiff must show that her injury has caused a diminution in her ability to earn a living.

**Question No. 6:** If your answer to Question No. 5 is "yes," you must decide what amount of money will fairly and reasonably compensate plaintiff for her loss of future earning capacity. In determining the amount of damages for any loss of plaintiff's future earning

3

capacity that will be incurred in the future, it is your duty to determine the present worth of such future damages.

By present worth, I am referring to the fact that a lump sum of money received today is worth more than the same sum paid in installments over a period of months or years. A sum received today can be invested and earn money at current interest rates. Your answer will reflect the present value in dollars of an award of future damages if you make a reduction for the earning power of money.

The parties have agreed that Exhibit 79 is an accurate reflection of the annual effect of applying present value to a specific sum of money.