UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

RENAE EKSTRAND

        Plaintiff,

vs.                                         Case No. 08 CV 193

SCHOOL DISTRICT OF SOMERSET

        Defendant.

**PLAINTIFF'S BRIEF IN SUPPORT OF PETITION FOR PREJUDGMENT INTEREST**

      Plaintiff Renae Ekstrand, by her attorneys Skinner and Associates and Bakke Norman, S.C., by Carol Skinner, submits this brief in support of her Petition for Prejudgment Interest.

**ARGUMENT**

**I.    PREJUDGMENT INTEREST ON PLAINTIFF'S BACKPAY AWARD IS APPROPRIATE.**

      Renae Ekstrand is a prevailing party in the above referenced case, and seeks prejudgment interest on her back pay award of $26,828.59, and that portion of her lost earning capacity award that has been sustained as a loss by her, $60,000. Ekstrand last worked for Defendant on October 17, 2005. Although judgment on the case has not yet been entered, as the amount of awardable compensatory damages remains unsettled, an Order awarding stipulated back pay was entered on October 5, 2010.

      Ekstrand seeks prejudgment interest on amounts awarded by the jury that she has lost, which amounts are calculable with reasonable certainty. "Money has a time value, and

prejudgment interest is therefore necessary in the ordinary case to compensate a plaintiff fully for a loss suffered at time t and not compensated until t + 1, 2, 3 ... n. It is presumptively available in suits under federal law." *Partington v. Broyhill Furniture Industries, Inc.*, 999 F.2d 269 (7th Cir. 1993). Pre-judgment interest is a normal incident of relief in Title VII suits and is considered an "element of complete compensation." *Loeffler v. Frank,* 486 U.S. 549, 557, 108 S. Ct. 1965 (1988); *U.S. E.E.O.C. v. Gurnee Inn Corp.*, 914 F.2d 815, 820 (7th Cir. 1990). The ADA refers to Title VII's powers, remedies and procedures for enforcement of its provisions. 42 U.S.C. § 12117(a).

The Seventh Circuit has stated that district judges should use the prime rate for fixing prejudgment interest where there is no statutory interest rate. *Fritcher v. Health Care Service Corp.*, 301 F.3d 811, 820 (7th Cir. 2002) *quoting Gorenstein Enterprises, Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431 (7th Cir.1989.) "As we suggested in *Gorenstein*, unless it engages in such refined rate-setting, a court should use the 'prime rate'-that is, the rate banks charge for short-term unsecured loans to creditworthy customers. This rate may miss the mark for any particular party, but it is a market-based estimate. Although *Gorenstein* did not elaborate on this, it should be plain that the market rate in question is the one *during* the litigation-when the defendant had the use of money that the court has decided belongs to the plaintiff-not the going rate at the end of the case." *In Re Oil Spill by Amoco Cadiz,* 954 F.2d 1279 (7th Cir.1992) Such interest should be compounded monthly. *See Gorenstein, supra*, at 437.

Plaintiff has had prejudgment interest calculated by an accountant. (Skinner Affidavit, ¶¶ 6-7; Exh. C) This calculation shows that Plaintiff's prejudgment interest loss on the back pay awarded is $6,027.37.

## II. PREJUDGMENT INTEREST ON THAT PORTION OF PLAINTIFF'S COMPENSATORY DAMAGE AWARD ATTRIBUTABLE TO ALREADY INCURRED LOST EARNING CAPACITY IS APPROPRIATE.

A jury awarded Plaintiff damages for lost earning capacity in the amount of $246,662, and $1.75 million for emotional pain and mental anguish. These amounts will be reduced to either $100,000 or $200,000, depending on the number of employees employed by Defendant during the relevant period. "The statute contains no command as to how a district court is to conform a jury award to the statutory cap." *Jonasson v. Lutheran Child and Family Services* 115 F.3d 436 (7th Cir. 1997). It is therefore up to the sound discretion of the trial court.

Plaintiff began suffering "future" lost earning capacity when her backpay ended, in July, 2007. Evidence at trial established that Ekstrand earns approximately $18,000 less at her current employment at South Dakota State University than she earned at Somerset School District. Vocational expert Kevin Schutz opined that her annual loss, including fringe benefits is $20,000. This testimony was undisputed, and the jury awarded total lost earning capacity in the same amount as indicated in Mr. Schutz' testimony. Ekstrand seeks interest on that portion of her damages attributable to her lost earning capacity during the period July, 2007 to the present, which is $60,000.

Prejudgment interest is a form of compensation and the decision to award prejudgment interest rests in the sound discretion of the district court. That decision requires a balancing of the equities between the parties under the circumstances of the particular case. *Michaels v. Michaels* 767 F.2d 1185 (7th Cir. 1985), *citing Myron v. Chicoine*, 678 F.2d 727, 734 (7th Cir. 1982). "The growing recognition of the time value of money has led this court to rule that 'prejudgment interest should be *presumptively* available to victims of federal law violations. Without it, compensation of the plaintiff is incomplete and the defendant has an incentive to

3

delay.'" *Rivera v. Benefit Trust Life Ins. Co.* 921 F.2d 692 (7th Cir. 1991) *citing Gorenstein, supra* at 436. *Rivera,* at 696.

The 7th Circuit affirmed an award of prejudgment interest on a compensatory damage award in *DeRance, Inc. v. Paine Webber Inc.* 872 F.2d 1312 (7th Cir. 1989). (District court did not abuse its discretion in awarding prejudgment interest on compensatory damages award to charitable foundation in its fraud action against futures commission merchant, even though substantial punitive damages were awarded, since interest compensated foundation for time value of its money. *Id.,* at 1330-31) "The decision to grant or deny an award of prejudgment interest lies within the discretion of the district court and turns upon whether the amount of damages is easily ascertainable." *U.S. E.E.O.C. v. Gurnee Inn Corp.* 914 F.2d 815 (7th Cir. 1990), *citing Donnelly v. Yellow Freight Sys.,* 874 F.2d 402, 411 (7th Cir. 1989), *aff'd on other grounds*, 494 U.S. 820 (1990).

In this case, Plaintiff Ekstrand's lost earning capacity that she has sustained to date is easily ascertainable, by multiplying the difference in her earnings and benefits by the three years that have elapsed since her backpay ended, which amount totals $60,000. Calculating that amount per year at the average prime rate during that period of time, 4.61%, yields a total interest loss of $6,333.14. (Skinner Affidavit, ¶¶ 8-9; Exh. D)

## CONCLUSION

Plaintiff has suffered losses in the form of backpay, and damaged earning capacity. These losses began several years ago. Due to the application of statutory damage caps, the jury's award of $2 million will be significantly reduced. Awarding prejudgment interest lies within the sound discretion of the trial court. Doing so in this case achieves an equitable result, and such is respectfully requested.

Dated this 4th day of November, 2010.

        SKINNER AND ASSOCIATES
        BAKKE NORMAN, S.C.

By: _/s/ Carol N. Skinner_
Carol N. Skinner
Attorney ID #1017307
Attorneys for Plaintiff
212 Commercial Street
Hudson, WI 54016
(715) 386-5800

5